## JOHN MCKAY *v.* S. F. J. COLEMAN.

**Subrogation—Right to.**

The right of subrogation will be upheld where one at the request of the debtor pays off a lien debt, or where a surety is compelled to pay it, or where the creditor in consideration of the payment transfers the benefit of his claim to a stranger making the payment; but the mere fact that a stranger to the contract loans money to the debtor, knowing that he is borrowing it to satisfy a mortgage debt, will not entitle the loaner to be subrogated to the right of the mortgage creditor.

**Subrogation—Payment in Furtherance of Fraudulent Scheme.**

Where one who purchases a note at discount knows that a portion of the money is to be applied to a debt, and it is not shown that the application of the money to that purpose constituted any part of the consideration for the purchase of the note, but it appears that the purchaser of the note paid the money in furtherance of a fraudulent scheme to cheat and defraud the debtor, the purchaser is not entitled to be subrogated to the rights of the creditor to a lien on the debtor's land.

APPEAL FROM KENTON CIRCUIT COURT.

December 20, 1872.

OPINION BY JUDGE LINDSAY:

Upon the appeal of *Coleman v. Fraizer* this court adjudged that this appellee was entitled to a charge upon the estate of Fraizer to the extent that he had furnished money which was used in the sat-

isfaction of debts or in the discharge of liens upon the property of the latter, and intimated that he might be entitled to this right by being substituted to the rights of the original holder of such liens. Of course, it was not intended that the right of subrogation should be implied unless the application of this money was made under such a state of case as would in some way connect Coleman with the transaction. Such a right may be upheld when a party at the request of the debtor pays off the lien debt, or where a surety is compelled to pay it, or where the creditor in consideration of the payment transfers the benefit of his claim to the stranger making the payment, but the mere fact that a stranger to the contract loans money to the debtor knowing that he is borrowing it for the purpose of satisfying a mortgage debt, will not entitle him to be substituted to the right of the mortgage creditor. *Patterson v. Pope*, 5 Dana 241.

Now as it has already been held that in the transaction with Fraizer the conduct of Coleman and his confederate, Williams, was fraudulent and iniquitous, he does not occupy a very favorable attitude, and, in a court of equity, no presumptions are to be indulged in his favor in a contest with creditors of Fraizer who have acted in good faith as is the case with the appellant, McCoy. His mortgage lien is valid. Coleman's right to priority over him grows out of his supposed right of substitution to the lien of Hill. He did not pay Hill's debt. He did not contract with Fraizer that he would pay it. The most that he can claim is that he knew that a portion of the money advanced on the note purchased by him at a discount of 15 per cent. per annum was to be applied to the satisfaction of that debt. It is true that Williams states that Coleman paid the money to Kittridge for that purpose, but it is not shown that the application of it to that debt constituted any part of the consideration for the purchase of the note from Leslie Fraizer. In point of fact he paid the money in furtherance of his fraudulent schemes to cheat and defraud Fraizer, and he should be content to have the law imply a promise upon the part of the decrepit old man to repay the amount advanced, without asking a court of equity to imply a lien in his favor upon the estate of his victim.

The proof taken by the master does not authorize the judgment of the chancellor subrogating Coleman to the rights of Hill. He is but an ordinary creditor and should have been so adjudged. If the

estate will not pay all the debts he must lose his proportion.  Mc-Coy's mortgage being valid, his lien was properly upheld.

Judgment reversed and the cause remanded for a judgment in accordance with this opinion.

*Stevenson, Myers, for appellant.*

*Carlisle & O'Hara, for appellee.*

